IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

WILLIAM SANDERS,

    Plaintiff,

v.

COAST PROFESSIONAL, INC., a California corporation,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff William Sanders is a natural person.

8. The Plaintiff resides in the City of Aurora, County of Arapahoe, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant Coast Professional, Inc. is a California corporation operating from an address at 8105 Irvine Center Drive, Suite 700, Irvine, California, 92618.

12. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect debts alleged to be due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18. Sometime before 2010 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on personal student loan account owed to the US Department of Education (hereinafter the "Account").

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with the US Department of Education.

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22. The Plaintiff disputes the Account.

23. The Plaintiff requests that the Defendant cease all further communication on the Account.

24. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

25. The Defendant acted at all times mentioned herein through its employee(s).

26. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant placed telephone call(s) to the Plaintiff.

27. In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in response to the telephone call(s).

28. The Defendant's purpose for these telephone call(s) was to attempt to collect the Account.

29. The telephone call(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

30. The telephone call(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

31. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant placed telephone call(s) to the Plaintiff was to attempt to collect the Account.

32. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

33. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

34. On August 30, 2011 the Plaintiff called the Defendant regarding the Account.

35. On August 30, 2011 the Plaintiff and the Defendant had a telephone conversation regarding the Account.

36. The telephone conversation between the Plaintiff and the Defendant on August 30, 2011 conveyed information regarding the Account directly or indirectly to the Plaintiff.

37. The telephone conversation between the Plaintiff and the Defendant on August 30, 2011 constituted a "communication" as defined by FDCPA § 1692a(2).

38. During the telephone conversation between the Plaintiff and the Defendant on August 30, 2011 the Defendant via its employee while attempting to collect the Account represented to the Plaintiff that the Account will be reported to the credit bureaus until the balance is paid in full.

39. The Defendant's representation stated in paragraph 38 was false and was a false representation in connection with the collection of a debt, the Account.

40. During the telephone conversation between the Plaintiff and the Defendant on August 30, 2011 the Defendant via its employee while attempting to collect the Account represented to the Plaintiff that the next notice that he would receive in the mail will be a garnishment notice and that to stop the garnishment he had to make a payment.

41. The Defendant's representations stated in paragraph 40 were false and were false representations in connection with the collection of a debt, the Account.

42. During the telephone conversation on August 30, 2011 between the Plaintiff and the Defendant the Plaintiff stated: It's a disputed debt.

43. During the telephone conversation on August 30, 2011 between the Plaintiff and the Defendant the Plaintiff stated: The debt is disputed.

44. During the telephone conversation on August 30, 2011 between the Plaintiff and the Defendant the Defendant via its employee while attempting to collect the Account represented to the Plaintiff that he had to send his dispute of the Account in writing and that he needed to mail his dispute of the Account to the US Department of Education.

45. The Defendant's representations stated in paragraph 44 were false and were false representations in connection with the collection of a debt, the Account.

46. During the telephone conversation on August 30, 2011 between the Plaintiff and the Defendant the Defendant via its employee "Peter Appleton" while attempting

to collect the Account represented to the Plaintiff that he had to have a reason to dispute the Account and that his dispute of the Account had to be valid.

47. The Defendant's representations stated in paragraph 46 were false and were false representations in connection with the collection of a debt, the Account.

48. On August 31, 2011 the Plaintiff mailed the Defendant a letter via US Mail that stated: I am disputing the US Dept of education account that your company is calling me about. I don't know if I owe it.

49. The letter mailed from the Plaintiff to the Defendant on August 31, 2011 was mailed to:

Coast Professional
PO Box 2899
West Monroe, LA 71294.

50. The letter mailed from the Plaintiff to the Defendant on August 31, 2011 was received by the Defendant on September 3, 2011.

51. The next correspondence that the Plaintiff received from the Defendant was a letter dated September 9, 2011.

52. The Defendant sent the Plaintiff a letter dated September 9, 2011 regarding the Account.

53. The letter sent to the Plaintiff by the Defendant dated September 9, 2011 conveyed information regarding the Account directly or indirectly to the Plaintiff.

54. The letter sent to the Plaintiff by the Defendant dated September 9, 2011 constituted a "communication" as defined by FDCPA § 1692a(2).

55. The letter from the Defendant to the Plaintiff dated September 9, 2011 was the first letter sent to the Plaintiff by the Defendant on the Account.

56. The letter from the Defendant to the Plaintiff dated September 9, 2011 states in part: This notice is from Coast Professional, Inc. The Department of Education, the current holder of your student loan debt, has placed your account with this agency for collection.

57. The letter from the Defendant to the Plaintiff dated September 9, 2011 states in part: This letter is to notify you that the U.S. Department of Education (ED) has referred your account to Coast Professional, Inc. for collection of your defaulted student loan debt. At this time the balance in full on your account is due and payable.

58. On or about October 6, 2011 the Defendant sent the Plaintiff a letter dated October 6, 2011 via US Mail on the Account.

59. The letter sent to the Plaintiff by the Defendant dated October 6, 2011 conveyed information regarding the Account directly or indirectly to the Plaintiff.

60. The letter sent to the Plaintiff by the Defendant dated October 6, 2011 constituted a "communication" as defined by FDCPA § 1692a(2).

61. Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account in the year prior to the filing of the instant action.

62. Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) from the Plaintiff to the Defendant on the Account in the year prior to the filing of the instant action.

63. Upon information and belief the Defendant made an audio recording and/or audio recording(s) of the telephone conversation(s) between the Plaintiff and the Defendant on August 30, 2011.

64. Upon information and belief the Defendant has a copy or copies of the audio recording(s) of the telephone conversation(s) between the Plaintiff and the Defendant on August 30, 2011.

65. Upon information and belief the Defendant made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

66. Upon information and belief the Defendant made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

67. Upon information and belief the Defendant has a copy or copies of the audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

68. Upon information and belief the Defendant has a copy or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

69. Upon information and belief in the time between when it received this Complaint and Jury Demand and when a Answer to this Complaint and Jury Demand was filed on its behalf with the Court the Defendant made an inquiry and/or investigation as to whether it had any audio recording(s) of any telephone conversation(s) between the Defendant and the Plaintiff.

70. Upon information and belief the Defendant sent copy(s) of any audio recording(s) that it had of telephone conversation(s) between the Defendant and the Plaintiff to the attorney and/or the law firm who employs the attorney who is filing the Answer to this Complaint and Jury Demand on behalf of the Defendant.

71. Upon information and belief the Defendant's copies of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

72. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute false or misleading representation(s) or mean(s) and violate FDCPA 1692e preface, e(2)(A), e(4), e(5), e(8) and e(10).

73. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

74. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) violate FDCPA 1692g(a) and g(b).

75. The FDCPA is a "strict liability statute," and Plaintiff need only "show one violation of its provisions to be entitled to judgment in her favor." Ellis v. Cohen &

Slamowitz, LLP, 701 F.Supp. 2d 215, 219 (N.D.N.Y. 2010).

76. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## RESPONDEAT SUPERIOR

77. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

78. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

79. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

80. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

81. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

82. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

83. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

84. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I, FDCPA VIOLATION

85. The previous paragraphs are incorporated into this Count as if set forth in full.

86. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and / or agent(s) violated the FDCPA, § 1692e preface, e(2)(A), e(4), e(5), e(8), e(10), § 1692f preface, § 1692g(a) and g(b).

87. Pursuant to FDCPA section 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    _s/ David M. Larson_____
    David M. Larson, Esq.
    405 S. Cascade Avenue, Suite 305
    Colorado Springs, CO 80903
    (719) 473-0006
    Attorney for the Plaintiff